This is a suit to foreclose a mortgage. The bill alleges that defendants executed the mortgage to secure an indebtedness of $5,400, conditioned on the payment of said sum by the payment of $.25 cents a week on each of twenty-seven shares of stock of the corporation owned by defendants and assigned as collateral security. The amount of dues paid were to be deducted from the amount of principal and interest. The bill further alleges that in 1937, default was made in the payment of dues, that in accordance with the terms of the mortgage complainant has elected to declare the entire principal sum due, and that the whole principal sum of $5,400 with interest from 1937, is due on the mortgage.
The answer sets up among other things that the amount actually paid defendants on the loan was $4,964, the balance being a bonus or premium. Complainants concede this, admitting that defendants are entitled to be credited with the difference, since the taking over of complainant by the Banking Commissioner in 1940 prevented it from carrying out its contract. The answer denies any default. In addition it alleges that in 1932, when the mortgage had been reduced to some $3,500, defendants invested $5,200 in full paid stock of complainant bearing interest, later reduced, and also reduced as to principal in 1938 by some $600. Defendants claim they are entitled to set this off against any sum that might be found to be due on the mortgage. Complainant admits there is now due and owing to defendants the amount of the investment in paid-up stock with interest, but insists that the mortgage *Page 429 
be paid first, and that defendants be allowed only to share with other creditors on the paid-up stock, since the assets are greatly impaired and will only be worth around twenty-five per cent. in liquidation by the Commissioner.
But there is no need to decide whether defendants are entitled to a set-off. The testimony is that the payments on account of the stock subscription and interest were enough to pay the amount of the actual loan. The bookkeeper for complainant testified that in 1938, according to complainant's own records, enough had been paid on defendants' shares, plus earnings never recaptured, to mature the series. The debt secured by the mortgage was therefore paid and the mortgage accordingly satisfied.
It will be noticed that this was the status in 1938, at which time complainant was still conducting its business, and in fact redeemed some of its paid-up stock held by defendants. It was only in 1940 that the Banking Commissioner took over the complainant, and he now claims the right to credit defendant with only twenty-five per cent. of the amounts paid on the shares. This would compel defendants to pay these sums twice, and would be grossly inequitable, as well as in direct conflict with the provisions of the contract, by which all dues paid on the shares were expressly deducted from the principal of the debt.
Defendants are entitled to a dismissal of the bill and a satisfaction of the mortgage, and a decree will be advised accordingly. *Page 430